HOMER C. MILLS, Appellant, v. SEARCHLIGHT MERCANTILE COMPANY, a Corporation, Respondent.

No. 3962

May 14, 1957

311 P.2d 412

Appellant in propria persona.

*McNamee & McNamee* and *McDonald and Denton,* all of Las Vegas, for Respondent.

## OPINION

By the Court, BADT, C. J.:

Plaintiff sued on a mining lease, alleged default in payment of agreed rentals and asserted numerous other defaults in performance. It prayed for restitution of the premises, termination and forfeiture of the lease, for the rentals due, for treble rental by reason of the unlawful detention, for damages, costs and further relief. The

answer placed these allegations in issue and alleged that about a year prior to the execution of the lease plaintiff had entered into an option agreement with defendant concerning the same property, as provided in the following clause: "As one of the considerations for this option, optionor agrees that when, as and if the said optionee has executed the lease attached hereto and marked Exhibit A, and when, as and if the optionee, as lessee under said lease, has paid to the optionor, the first party herein, by way of royalties or otherwise, the sum of $10,000 within a period of two years from and after the date of said lease, and has duly performed under the terms of said lease, then the owner of the property, the optionor herein, will execute in favor of the optionee, and deliver to said optionee herein a written option to purchase the above described properties at and for the sum of $175,000 * * *"; that defendant did enter into the lease without prejudice to the existing option agreement; that it was the intent and purpose of these instruments to permit defendant to have two years from the execution of the lease, namely, up to January 7, 1949, within which to exercise the option by the payment of $10,000, *or by an offer to pay said sum* with the balance payable out of royalty earnings; that defendant had assigned all his rights under these instruments to Searchlight Consolidated Mining and Milling Co., a corporation, which corporation had since been and still was in possession and had expended large sums on exploration and development; that plaintiff had refused to carry out the terms of the option agreement and had let another corporation into possession of parts of the premises. The allegations of the answer were put in issue by a reply.

The case was tried to the court without a jury, and the court found the execution of an option agreement on February 10, 1946, which contained the option to enter into a lease which was executed January 7, 1947, which in turn contained the option to purchase involving a down payment of $10,000 which had been neither paid nor tendered; that sundry rentals were in arrears and the covenants of the lease in other respects breached by the defendant. As conclusions, it found that the plaintiff

was entitled to judgment declaring the lease terminated and forfeited, for the accrued unpaid rentals and costs, but for no damages.

The defendant tried his case in propria persona and, as appellant, filed his brief in propria persona containing eight assignments of error unsupported by a single citation of authority. We have given the appeal such consideration as appellant's briefs and the circumstances have warranted without our entering into a complete research on our own part to determine whether there is any support in law for the assignments of error. Our discussion is, therefore, necessarily brief.

The assignments of error and our disposition thereof are as follows: (1) That the court erred in denying a postponement. In this we find no abuse of discretion. (2) That the court erred in permitting plaintiff's witness to testify to certain conclusions. This was during defendant's absence from the court room in the period from which the postponement had been denied. Accordingly, the testimony went in without objection. As we have held that the denial of the postponement was not an abuse of discretion, it must follow that the admission of the testimony, without objection, was not error. (3) That the court erred in denying defendant's motion for nonsuit because plaintiff had failed to prove the material allegations of its complaint. An examination of the record shows this assignment to be without merit. (4) That the evidence was insufficient to support the judgment. This assignment is likewise without merit, as there is in the record substantial evidence of the defendant's failure to pay the accrued rentals in arrears and other breaches of the covenants of the lease.

Appellant has assigned as error other actions and determinations of the trial court. However, he has failed to make clear to this court the legal significance of such assignments of error or his position upon the law in reference thereto and has failed to cite any authority to this court which would clarify his position and support

it. As to these assignments we rule that no issue of law has been sufficiently presented for our determination.

Affirmed with costs.

EATHER and MERRILL, JJ., concur.